UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ERNEST CHERRY, #14005116,

                    Plaintiff,

                                                  **ORDER**
        -against-                        15-CV-1832 (JMA)(ARL)

MICHAEL SPOATO [sic], Sheriff, Nassau County;
ARMOUR [sic] HEALTH INC.,

                    Defendants.
----------------------------------------------------------------X

**AZRACK, District Judge:**

On April 7, 2015, incarcerated *pro se* plaintiff Ernest Cherry ("plaintiff") commenced this action against Nassau County Sheriff Michael Sposato ("Sheriff Sposato"), and Armor Correctional Health Services of New York, Inc. s/h/a as Armour Health Inc. ("Armor") (together, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed *in forma pauperis*. The court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for the reasons that follow.

### I. BACKGROUND[1]

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form. In its entirety, plaintiff's statement of claim alleges:[2]

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation and grammar have not been corrected or noted.

> On Jan. 26, 2015, I Ernest Cherry was going to the outside Recreational area when I suddenly slipped and fell. They let us out right when the world record blizzard was hitting the tri-state area. There was no salt on the grounds, nor was there any mats of the sort to knock the snow off my sneakers. Since the slip and fall I've been having cronical Back, tailbone, head, neck, shoulder pains Restless nights and weight loss. There was like 20 OR more inmates at the Recreation area when this took place. I'm suing nassau county jail for negligence do to the fact that there was no salt on the grounds and ice was present and armour Health Clinic for cruel and unusual punishment as they failed to provide proper medical attention.

(Compl. ¶ IV.) For relief, plaintiff seeks to recover a compensatory damages award in the amount of $700,000 against each defendant. (Id. ¶ V.)

## II. DISCUSSION

**A.** *In Forma Pauperis* **Application**

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

**B.** **Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(I) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less

stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.     Section 1983**

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

3

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to § 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or "by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003). An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

4

### 1. Claims Against Sheriff Sposato

As discussed above, a § 1983 claim that does not allege the personal involvement of a defendant fails as a matter of law. Johnson, 360 F. App'x at 201. Although plaintiff names Sheriff Sposato as a defendant, the complaint contains no allegations or references to him and, accordingly, plaintiff has not alleged a viable § 1983 claim against this defendant. Given the absence of any allegations of conduct or inaction attributable to Sheriff Sposato, plaintiff's claim against him is implausible and is therefore dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### 2. Claims Against Armor

"Armor is a private company that provides medical services for inmates at the [NCCC] pursuant to a contract with the Nassau County Sheriff's Department." Whitenack v. Armor Medical, No. 13-CV-2071, 2014 WL 5502300, at *9 (E.D.N.Y. Oct. 30, 2014) (internal quotation marks and citation omitted). Assuming for purposes of this Order, that Armor was acting under color of state law in rendering medical services to plaintiff at the Nassau County Correctional Center, Armor may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990). "Although Monell [v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978)] dealt with municipal employers, its rationale has been extended to private businesses [acting under color of state law]." Rojas, 924 F.2d at 409; see also Bektic-Marrero v. Goldberg, 850 F. Supp. 2d 418, 432 (S.D.N.Y. 2012) (holding that Monell has been extended to private Section 1983 defendants acting under color of state law).

Here, as is readily apparent, plaintiff's sparse complaint does not include any factual allegations from which the Court may reasonably infer that the conduct of which plaintiff complains

5

was caused by a policy or custom of Armor. See Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, because plaintiff has not alleged a plausible Section 1983 claim against Armor, such claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**D.     Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

After careful consideration, the Court grants plaintiff an opportunity to amend his complaint in accordance with this Order. Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this Order, 15-CV-1832(JMA)(ARL), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue against the defendants in the amended complaint. Further, if plaintiff does not file an amended

6

complaint within the time allowed, this case shall be closed.

The Court cautions plaintiff that, insofar as he seeks to impose liability on a defendant for "negligence do [sic] to the fact that there was no salt on the ground and ice was present" or the lack of floor mats, those allegations do not constitute a constitutional deprivation. (Compl. ¶ IV) See Daniels v. Williams, 474 U.S. 327, 330-31 (1986) (negligence claims do not rise to the level of a constitutional violation); Carr v. Canty, No. 10- CV-3829, 2011 WL 309667, *2 (S.D.N.Y. Jan. 19, 2011) ("'[C]ourts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where . . . the plaintiff [] alleges that the individual defendants had notice of the wet condition but failed to address it.'") (quoting Edwards v. City of New York, No. 08-CV-5787, 2009 WL 2596595, at *3 (S.D.N.Y. Aug. 24, 2009)); Jennings v. Horn, No. 05 -CV-9435, 2007 WL 2265574, at *5 (S.D.N.Y. Aug. 7, 2007) ("[S]lippery prison floors, at best, pose a claim of negligence, which is not actionable under the United States Constitution."); Powers v. Gipson, No. 04-CV-6883, 2004 WL 2123490 (W.D.N.Y. 2004) (sua sponte dismissing *in forma pauperis* complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, explaining that "[t]he claim that defendants were negligent in failing to clean up the water that caused plaintiff to slip, without more, fails to provide him with a basis for a federal claim, since mere negligence on the part of state officials is not actionable under § 1983).

Additionally, to the extent that plaintiff seeks to pursue a Section 1983 claim for inadequate medical treatment, plaintiff is advised that he "must allege 'acts or omissions sufficiently harmful to evidence the deliberate indifference standard.'" Johns v. Goord, 09-CV-1016, 2010 WL 3907826, at *2 (N.D.N.Y. Sept. 30, 2010) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "To establish an Eighth Amendment violation arising out of inadequate medical treatment a prisoner must prove

'deliberate indifference to [his] serious medical needs.'" Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005) (quoting Estelle, 429 U.S. at 104); see Kasiem v. Switz, 09-CV-9361, 2010 WL 3744183, at *1 (S.D.N.Y. Sept. 22, 2010) (examination to address prisoner's alleged medical condition that resulted in no treatment being prescribed did not establish a showing of seriousness of or deliberate indifference to his medical needs); but see Ingram v. Steel, 04-CV-591, 2006 WL 2349241, at *3 (S.D.N.Y. Aug. 15, 2006) (holding that plaintiff's allegations that no x-ray taken nor any treatment provided after a slip and fall in shower was sufficient to withstand a motion to dismiss).

"[T]he deliberate indifference standard embodies both an objective and subjective prong." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). The objective prong requires the prisoner to allege a "sufficiently serious" injury. Id. The Second Circuit has defined a sufficiently serious injury as "a condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (citation omitted). The subjective prong requires the prisoner to show the charged official acted with a "sufficiently culpable state of mind." Id. (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The Supreme Court has stated that the subjective element "entails something more than mere negligence [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994).

### III. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order. Plaintiff's amended complaint must be labeled as an "amended complaint", bear the same docket number as this Order, 15-CV-1832 (JMA)(ARL), and

shall be filed within thirty (30) days from the date of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to plainitff.

/s/ (JMA)
_____

**SO ORDERED.**

Joan M. Azrack

Dated: May 5, 2015  
Central Islip, New York

United States District Judge