UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

10/9/2015 8:46 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

---------------------------------------------------------------------X

ERNEST CHERRY, #14005116,

                                    Plaintiff,

            -against-

MICHEAL [sic] SPASATO [sic], Sherrif [sic], Nassau County;
ARMOUR [sic] HEALTH INC.,

                                    Defendants.
---------------------------------------------------------------------X

**ORDER**
15-CV-1832 (JMA)(ARL)

**AZRACK, District Judge:**

On April 7, 2015, incarcerated <u>pro se</u> plaintiff Ernest Cherry ("plaintiff") commenced this action against Nassau County Sheriff Michael Sposato ("Sheriff Sposato") and Armor Correctional Health Services of New York, Inc. s/h/a as Armour Health Inc. ("Armor") (together, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights together with an application to proceed <u>in forma pauperis</u>.  By Order dated May 5, 2015, the court granted plaintiff's request to proceed <u>in forma pauperis</u> and <u>sua sponte</u> dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) with leave to file an amended complaint within thirty (30) days thereof.  By letter dated June 8, 2015, plaintiff requested an extension of time within which to file an amended complaint.   By Order dated June 12, 2015, the Court granted plaintiff's application and extended the deadline for filing the amended complaint through July 13, 2015 ("the Order").   On July 22, 2015, filed an amended complaint. Although the amended complaint was untimely filed, the Court accepts it and, for the reasons that follow, finds that it does not allege a plausible claim for relief.   Accordingly, the amended complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

1

# I.    BACKGROUND[1]

Plaintiff's allegations in his amended complaint are identical to those alleged in the original complaint.    Submitted on the Court's Section 1983 complaint form, the amended complaint alleges in its entirety:[2]

> On Jan. 26, 2015, I Ernest Cherry was going to the outside Recreational area when I suddenly slipped and fell.    They let us out right when the world record blizzard was hitting the tri-state area.    There was no salt on the grounds, nor was there any mats of the sort to knock the snow off my sneakers.    Since the slip and fall I've been having cronical Back, tailbone, head, neck, shoulder pains Restless nights and weight loss.    There was like 20 OR more inmates at the Recreation area when this took place.    I'm suing nassau county jail for negligence do to the fact that there was no salt on the grounds and ice was present and armour Health Clinic for cruel and unusual punishment as they failed to provide proper medical attention.

(Am. Compl. ¶ IV.)    For relief, plaintiff again seeks to recover a compensatory damages award in the amount of $700,000 against each defendant.    (Id. at ¶ V.)

# II.    DISCUSSION

## A.    Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."    28 U.S.C. § 1915A(b)(1).    Similarly, pursuant to the in forma

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the amended complaint are reproduced here exactly as they appear in the original.    Errors in spelling, punctuation and grammar have not been corrected or noted.    The Court notes that these allegations are a verbatim repeat of the allegations in the original complaint.

pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).   The Court must dismiss the action as soon as it makes such a determination.   28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."   Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).   In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests.   United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).   The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."   Id. at 678.   While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   Id. at 678 (quoting Twombly, 550 U.S. at 555).

3

**B.**    **Section 1983**

As the Court explained in the Order, in order to state a Section 1983 claim, a plaintiff must allege two essential elements.   First, the conduct challenged must have been "committed by a person acting under color of state law."   Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted).   Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."   Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to Section 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation.   Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)).   "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or "by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates."   Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003).   An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'"   Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76

F.3d 72, 74 (2d Cir. 1996)).   Where a Section 1983 claim fails to allege the personal

involvement of the defendant, it fails as a matter of law.   See Johnson v. Barney, 360 F. App'x

199, 201 (2d Cir. 2010).

### 1.    Claims Against Sheriff Sposato

As discussed above, a Section 1983 claim that does not allege the personal involvement

of a defendant fails as a matter of law.   Johnson, 360 F. App'x at 201.   Although plaintiff names

Sheriff Sposato as a defendant, the amended complaint contains no allegations or references to

him and, accordingly, plaintiff has not alleged a viable Section 1983 claim against this

defendant.    Given the absence of any allegations of conduct or inaction attributable to Sheriff

Sposato, plaintiff's claim against him is implausible and is therefore dismissed with prejudice

pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### 2.    Claims Against Armor

As was explained in the Order, "Armor is a private company that provides medical

services for inmates at the [NCCC] pursuant to a contract with the Nassau County Sheriff's

Department."   Whitenack v. Armor Medical, No. 13-CV-2071, 2014 WL 5502300, at *9

(E.D.N.Y. Oct. 30, 2014) (internal quotation marks and citation omitted).   Assuming for

purposes of this order, that Armor was acting under color of state law in rendering medical

services to plaintiff at the Nassau County Correctional Center, see, e.g., Feder v. Sposato, No.

11-CV-93, 2014 WL 1801137, at *6 (E.D.N.Y. May 7, 2014) ("[b]ecause Armor was hired to

fulfill the state's constitutional obligation to provide necessary medical care for its inmates,

[it][was] 'acting under the color of state law' for purposes of Section 1983"), Armor may be

liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . .   policy

of some nature caused a constitutional tort."   Rojas v. Alexander's Dep't Store, Inc., 924 F.2d

406, 408 (2d Cir. 1990); see also Green v. City of New York, 465 F.3d 65, 82 (2d Cir. 2006) (finding that a hospital was not vicariously liable for any constitutional torts that its employees may have committed).   "Although Monell [v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978)] dealt with municipal employers, its rationale has been extended to private businesses [acting under color of state law]."   Rojas, 924 F.2d at 409; see also Bektic-Marrero v. Goldberg, 850 F. Supp. 2d 418, 432 (S.D.N.Y. 2012) (holding that Monell has been extended to private Section 1983 defendants acting under color of state law).

Here, as is readily apparent, plaintiff's amended complaint does not include any factual allegations from which the Court may reasonably infer that the conduct of which plaintiff complains was caused by some policy or custom of Armor.   Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists.").   Accordingly, because plaintiff has not alleged a plausible Section 1983 claim against Armor, such claims are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).   The Clerk of Court is directed to close this case.

### III.   CONCLUSION

For the forgoing reasons, the plaintiff's amended complaint is sua sponte dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to plaintiff and to close this case.

**SO ORDERED.**

                                    /s/ Joan M. Azrack       
                                    Joan M. Azrack
                                    United States District Judge

Dated:  October 9, 2015
           Central Islip, New York